IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANQUIN ST. JUNIOUS,

        Petitioner,

  v.

STATE OF WISCONSIN,

        Respondent.

OPINION AND ORDER

26-cv-618-wmc

---

Petitioner AnQuin St. Junious, who is representing himself while incarcerated by the Wisconsin Department of Corrections, has filed a motion under Federal Rule of Civil Procedure 60(b)(6) seeking to vacate a state court conviction from La Crosse County, Wisconsin. For reasons explained below, the motion is construed as a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. Complaints and petitions filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After reviewing the motion under this lenient standard, the court must deny relief and dismiss this action for the reasons explained below.

OPINION

Court records reflect that petitioner was found guilty of second-degree reckless homicide and threatening to injure following a jury trial in La Crosse County Case No. 2019CF32.[1] On

---

[1] Courts may take judicial notice of the state court records. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice).

August 25, 2025, petitioner was sentenced to a total term of 20 years' initial confinement followed by 8 years of extended supervision. Petitioner seeks relief from the conviction on the grounds that the trial court improperly denied his request to represent himself. He also appears to claim that his defense counsel and the prosecutor withheld exculpatory DNA evidence.

To begin, Rule 60(b) is a rule of civil procedure that "allows a federal court to relieve a party in a *federal civil* case from a *federal civil* judgment imposed by a *federal* court." *Thibodeaux v. Kemper*, 2015 WL 534174398, at *7 (E.D. Wis. Sept. 14, 2015) (emphasis in original); *see also* Fed. R. Civ. P. 1 (limiting the scope of the rules of civil procedure to civil actions). Thus, "a Rule 60(b) motion may not be used to relieve a party from operation of a judgment of conviction or sentence in a criminal case." *United States v. Shenett*, No. 05-CR-431, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (citation and internal quotations omitted); *see also United States v. Roberts*, 360 F. App'x 584, 585 (5th Cir. 2010) (per curiam) ("Rule 60(b) 'simply does not provide for relief from a judgment in a criminal case.'"). Likewise, Rule 60(b) is "not available to challenge state judgments of any sort in federal court." *Givens v. Pugh*, No. 12-CV-127, 2012 WL 3097621, *1 (E.D. Wis. July 30, 2012) (quoting *Sherratt v. Friel*, 275 F. App'x 763, 766 n.1 (10th Cir. 2008)). A court may choose to interpret a Rule 60(b) motion attacking a state criminal judgment as a habeas petition under 28 U.S.C. § 2254, but the strictures of the Antiterrorism and Effective Death Penalty Act and other rules governing habeas review will apply. *Sheratt*, 275 F. App'x at 766 n.1; *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 534-35 (2005) (Rule 60(b) motions may not be used to circumvent the restriction on second or successive writ applications or other procedural rules that apply in habeas proceedings).

Because petitioner plainly seeks relief from a state court judgment of conviction, the court will construe his Rule 60(b) motion as a petition for a writ of habeas corpus. A federal court may not grant habeas relief from a state court judgment of conviction unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion serves the interests of comity between federal and state sovereigns by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation. *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). Inherent in the exhaustion requirement is the habeas petitioner's duty to present his federal claims to the state courts "fully and fairly." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted). To "fairly" present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To "fully" present a claim, the petitioner must complete one round of state court review of a fairly presented claim, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (citing *O'Sullivan*, 526 U.S. at 845-48).

Petitioner has not exhausted state court remedies as required because he has not yet filed an appeal or post-conviction motion and he has not presented his claims in state court as required for purposes of exhaustion. The United States Supreme Court has long held that a federal habeas petition "should be dismissed if the [petitioner] has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citing *Ex parte Royall*, 117 U.S. 241 (1886)). Because petitioner has not exhausted state court remedies that appear to remain available to him, his petition must be dismissed.

3

ORDER

IT IS ORDERED that:

1. The motion to vacate a state court conviction under Fed. R. Civ. P. 60(b)(6) filed by petitioner AnQuin St. Junious (dkt. #1) is DENIED and this action is DISMISSED without prejudice.

2. A certificate of appealability is DENIED.

3. The clerk of court shall enter judgment and close this case.

Entered on this 16th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4